1    LOCKE LORD LLP
      Mitchell J. Popham (SBN: 126194)
2    mpopham@lockelord.com
      Kelly S. Biggins (SBN: 252515)
3    kbiggins@lockelord.com
4    300 South Grand Avenue, Suite 2600
      Los Angeles, CA 90071
5    Telephone:    213-485-1500
      Fax:           213-485-1200
6

7    Attorneys for Defendant
      LSG SKY CHEFS

8

ORIGINAL FILED

JUL 10 2013

Richard W. Wieking
Clerk, U.S. District Court
Northern District of California
San Jose

9                  UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

*E-filing*

*ADR*

| | |
|---|---|
| 11   PETER HALL, an individual, | CASE NO. CV13-03183 PSG |
| 12 | |
| 13                 Plaintiff, | **NOTICE OF REMOVAL TO FEDERAL COURT** |
| 14    vs. | **[28 U.S.C. §§ 1332, 1441(b)]** |
| 15   LSG SKY CHEFS, Does 1 to 25 Inclusive, | [Removal from the Superior Court of California, County of Santa Clara, Case No.: 113CV239965] |
| 16                 Defendant. | |
| 17 | |
| 18 | |

19   **TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF AND HIS**

20   **ATTORNEYS OF RECORD:**

21        Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, defendant LSG SKY CHEFS ("Defendant")

22   hereby removes this action from the Superior Court of California, County of Santa Clara, to the

23   United States District Court for the Northern District of California and states as follows:

24                     **STATEMENT OF THE CASE**

25       1.      On January 23, 2013, an action was commenced in the Superior Court of the State of

26   California in and for the County of Santa Clara, entitled *Peter Hall vs. LSG Sky Chefs* as case

27   number 113CV239965. A true and correct copy of the summons and Complaint are attached hereto

28   as Exhibits "A" and "B", respectively.

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

2.   The first date upon which Defendant received a copy of the summons and Complaint was March 29, 2013 when Defendant was served with a copy of the Complaint and a summons. Neither the citizenship of Plaintiff Peter Hall ("Plaintiff") nor the amount in controversy were apparent from the face of the Complaint (*see* Exhibit A).

3.   This Notice of Removal is filed within 30 days of after receipt by Defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, but less than 1 year after commencement of the action.  Removal is therefore timely in accordance with 28 U.S.C. §§ 1446(b).  Specifically, neither the citizenship of Plaintiff nor the amount in controversy were apparent from the face of the Complaint (*see* Exhibit A), thereby requiring Defendant to serve written discovery to obtain information concerning these issues.  Following two extensions to respond to the discovery propounded by Defendant, Plaintiff served written discovery responses to Special Interrogatories via mail on June 10, 2013.  A true and correct copy of pertinent portions of Plaintiff's Responses to Special Interrogatories are attached hereto as <u>Exhibit "C"</u>.  Plaintiff also served his response to Defendant's Request for a Statement of Damages via facsimile on June 13, 2013.  A true and correct copy of Plaintiff's Response to Request for Nature and Amount of Damages, is attached hereto as <u>Exhibit "D"</u>. No other defendant has been served as of the date of this filing.

4.   Defendant has attached as <u>Exhibit "F"</u> to this Notice of Removal a true and correct copy of all state court pleadings or orders served on Defendant as of the date of this filing.

## DIVERSITY JURISDICTION

5.   This case is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and more than $75,000, exclusive of interest and costs, is at stake.

6.   Plaintiff is a citizen of the State of California (*see* Plaintiff's Response to Special Interrogatory No. 32, at Exhibit C).

///

7.     Defendant was incorporated under the laws of the State of Delaware and has its principal place of business in the State of Texas (*see* Declaration of Anne Crowe at ¶2, a true and correct copy of which is attached hereto as <u>Exhibit "E"</u>).  Upon information and belief, Defendant is the only defendant that has been named in the action and served with a summons and Complaint in the action.

8.     The amount in controversy is "more likely than not" in excess the sum of $75,000 because, as evidenced by Plaintiff's Statement of Damages, Plaintiff asserts claimed damages estimates in the amount of $232,000 (*see* Plaintiff's Response to Request for Nature and Amount of Damages, at Exhibit D).

## REMOVAL REQUIREMENTS

9.     Venue is proper in this Court, pursuant to 28 U.S.C. § 1441(a), because the Northern District of California is the federal judicial district embracing the Superior Court of California for the County of Santa Clara where the State Court Action was originally filed.

10.     Pursuant to United States District Court for the Northern District of California Local Rule 3-2(e), this case should be assigned to the San Jose Division because it is a civil action that arose in the County of Santa Clara.

## CONCLUSION

Defendant intends no admission of fact, law or liability by this Notice of Removal and the associated attachments, and expressly reserves all defenses, motions and/or pleas.

**WHEREFORE**, Defendant prays that the State Court Action be removed to this Court, that all further proceedings in the State Court Action be stayed, and that Defendant receives all additional relief to which it is entitled.

///
///
///
///
///
///

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

1    Dated:  July 10, 2013                        Respectfully submitted,

2                                                 LOCKE LORD LLP

3

4                                                 By:

5                                                   Mitchell J. Popham
                                                    Kelly S. Biggins
6                                                 Attorneys for Defendant LSG SKY CHEFS

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

4

NOTICE OF REMOVAL
*Peter Hall v. LSG Sky Chefs*

# EXHIBIT A

**SUMMONS**
*(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED

2013 JAN 23 AM 11: 52

M. Rawson
Clerk of the Court
Superior Court of CA County of Santa Clara
By _____ Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

LSG SKY CHEFS and DOES 1 to 25

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

PETER HALL

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE! The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:     CASE NUMBER:
*(El nombre y dirección de la corte es):* Superior Court of Santa Clara     *(Número del Caso):* **113 CV 239965**
191 North First Street
Santa Clara, California 95113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David R. Shane, Esq., SHANE & TAITZ, 1000 Drakes Landing Road, Suite 200, Greenbrae, CA 94904

DATE:     DAVID H. YAMASAKI     Clerk, by     M. Rawson     , Deputy
*(Fecha)* JAN 23 2013     Chief Executive Officer/Clerk     *(Secretario)*     *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]     **NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
         ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

# EXHIBIT B

ENCLOSED
FILED (PLD-PI-001)

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>David R. Shane, Esq. (SBN 109890)<br>SHANE & TAITZ<br>1050 Drakes Landing Road, Suite 200<br>Greenbrae, California 94904<br>TELEPHONE NO.: 415/464-2020　FAX NO. *(Optional)*: 415/464-2024<br>E-MAIL ADDRESS *(Optional)*: dshane@shanetaitz.com<br>ATTORNEY FOR *(Name)*: Plaintiff Peter Hall | **FOR COURT USE ONLY**<br>2013 JAN 23　AM 11: 32<br>DAVID H. YAMASAKI M. Rangel<br>By: _____ Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME:

PLAINTIFF: Peter Hall

DEFENDANT: LSG Sky Chefs

[✓] DOES 1 TO 25

| | | |
|---|---|---|
| **COMPLAINT—Personal Injury, Property Damage, Wrongful Death**<br>　[ ] **AMENDED** *(Number):*<br>**Type** *(check all that apply):*<br>　[ ] MOTOR VEHICLE　[✓] OTHER *(specify):* Premises Liability<br>　　[ ] Property Damage　　[ ] Wrongful Death<br>　　[ ] Personal Injury　　[ ] Other Damages *(specify):* | | |
| **Jurisdiction** *(check all that apply):*<br>　[ ] ACTION IS A LIMITED CIVIL CASE<br>　　Amount demanded　[ ] does not exceed $10,000<br>　　　　　　　　　　[ ] exceeds $10,000, but does not exceed $25,000<br>　[✓] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)<br>　[ ] ACTION IS RECLASSIFIED by this amended complaint<br>　　　[ ] from limited to unlimited<br>　　　[ ] from unlimited to limited | **CASE NUMBER:**<br><br>1 1 2 C V 2 3 9 9 6 5 |

1. Plaintiff *(name or names):* Peter Hall
   alleges causes of action against defendant *(name or names):*
   LSG Sky Chef

2. This pleading, including attachments and exhibits, consists of the following number of pages: 5

**BY FAX**

3. Each plaintiff named above is a competent adult
   a. [ ] except plaintiff *(name):*
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*
   b. [ ] except plaintiff *(name):*
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor [ ] an adult
         (a) [ ] for whom, a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*

   [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Hall v. Sky Chefs | |

4. ☐ Plaintiff *(name)*:

is doing business under the fictitious name *(specify)*:

and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☑ except defendant *(name)*: LSG Sky Chefs
      (1) ☑ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe)*:

      (4) ☐ a public entity *(describe)*:

      (5) ☐ other *(specify)*:

   c. ☐ except defendant *(name)*:
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe)*:

      (4) ☐ a public entity *(describe)*:

      (5) ☐ other *(specify)*:

   b. ☐ except defendant *(name)*:
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe)*:

      (4) ☐ a public entity *(describe)*:

      (5) ☐ other *(specify)*:

   d. ☐ except defendant *(name)*:
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe)*:

      (4) ☐ a public entity *(describe)*:

      (5) ☐ other *(specify)*:

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☑ Doe defendants *(specify Doe numbers)*: 1 through 25       were the agents or employees of other
      named defendants and acted within the scope of that agency or employment.
   b. ☑ Doe defendants *(specify Doe numbers)*: 1 through 25       are persons whose capacities are unknown to
      plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names)*:

8. This court is the proper court because
   a. ☐ at least one defendant now resides in its jurisdictional area.
   b. ☑ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☐ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other *(specify)*:

9. ☐ Plaintiff is required to comply with a claims statute, and
   a. ☐ has complied with applicable claims statutes, or
   b. ☐ is excused from complying because *(specify)*:

| | | PLD-PI-001 |
|---|---|---|
| SHORT TITLE: Hall v. Sky Chefs | | CASE NUMBER: |

10. The following causes of action are attached and the statements above apply to each (each complaint must have one or more causes of action attached):
   a. ☐ Motor Vehicle
   b. ☑ General Negligence
   c. ☐ Intentional Tort
   d. ☐ Products Liability
   e. ☑ Premises Liability
   f. ☐ Other (specify):

11. Plaintiff has suffered
   a. ☑ wage loss
   b. ☐ loss of use of property
   c. ☐ hospital and medical expenses
   d. ☑ general damage
   e. ☐ property damage
   f. ☑ loss of earning capacity
   g. ☐ other damage (specify):

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☑ compensatory damages
       (2) ☐ punitive damages
       The amount of damages is (in cases for personal injury or wrongful death, you must check (1)):
       (1) ☑ according to proof
       (2) ☐ in the amount of $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows (specify paragraph numbers):

Date: January 7, 2013

David R. Shane, Esq.
(TYPE OR PRINT NAME)                          (SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 [Rev. January 1, 2007]          COMPLAINT—Personal Injury, Property          Page 2 of 3
                                            Damage, Wrongful Death

PLD-PI-001(4)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Hall  v. Sky Chefs | |

Second _____     CAUSE OF ACTION—Premises Liability     Page ____5____
    (number)

ATTACHMENT TO   [✓] Complaint   [ ] Cross - Complaint
(Use a separate cause of action form for each cause of action.)

Prem.L-1. Plaintiff (name):  George Krainert
    alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.
    On (date):  July 23, 2012                plaintiff was injured on the following premises in the following
    fashion (description of premises and circumstances of injury):

    Defendants owned and/or managed a facility that had loading docks. Plaintiff Peter Hall, who
    was employed by a supplier of defendant LSG Sky Chefs was off-loading red trays that had
    metal baskets in them. At the area where plaintiff was off-loading the dock plate was not
    properly belted down. As plaintiff moved the heavy trays the unstable dock plate shifted and
    plaintiff fell down about five feet.

Prem.L-2.   [✓] Count One—Negligence The defendants who negligently owned, maintained, managed and
    operated the described premises were (names):
    LSG Sky Chefs

        [✓] Does 1_____ to 25

Prem.L-3.   [✓] Count Two—Willful Failure to Warn [Civil Code section 846] The defendant owners who willfully
    or maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were
    (names):
    LSG Sky Chefs

        [✓] Does 1_____ to 25

    Plaintiff, a recreational user, was [ ] an invited guest. [ ] a paying guest.

Prem.L-4.   [ ] Count Three—Dangerous Condition of Public Property The defendants who owned public property
    on which a dangerous condition existed were (names):

        [ ] Does _____ to _____
    a. [ ] The defendant public entity had [ ] actual [ ] constructive notice of the existence of the
        dangerous condition in sufficient time prior to the injury to have corrected it.
    b. [ ] The condition was created by employees of the defendant public entity.

Prem.L-5.  a. [✓] Allegations about Other Defendants The defendants who were the agents and employees of the
    other defendants and acted within the scope of the agency were (names):
    LSG Sky Chefs

        [✓] Does 1_____ to 25

    b. [ ] The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are
        [ ] described in attachment Prem.L-5.b [ ] as follows (names):

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(4) [Rev. January 1, 2007]
CAUSE OF ACTION—Premises Liability
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

PLD-PI-001(2)

| SHORT TITLE:<br>Hall v. Sky Chefs | CASE NUMBER: |
|---|---|

FIRST          **CAUSE OF ACTION—General Negligence**   Page    4
___(number)___

ATTACHMENT TO  [✓] Complaint  [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):*  Peter Hall

alleges that defendant *(name):*  LSG Sky Chefs

[✓] Does  1         to  25

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant
negligently caused the damage to plaintiff
on *(date):*  July 23, 2012
at *(place):*  1355 Airport Blvd., San Jose California

*(description of reasons for liability):*

Defendants, and each of them, owned and/or managed a facility that had loading docks. Plaintiff
Peter Hall, who was employed by a supplier of defendant LSG Sky Chefs was off-loading red
trays that had metal baskets in them.

At the area where plaintiff was off-loading the dock plate was not properly bolted down. As
plaintiff moved the heavy trays the unstable dock plate shifted and plaintiff fell down about five
feet.

As a result of the fall plaintiff has, and will incur, past and future medical expenses. He has and
will suffer wage loss. He has suffered past emotional distress and will suffer future emotional
damages as a result of this incident, and plaintiff may have permanent physical injury.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

CAUSE OF ACTION—General Negligence

Code of Civil Procedure 425.12
www.courtinfo.ca.gov

CM-010

ENDORSED FILED

FOR COURT USE ONLY

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>David R. Shane, Esq. (SBN 100505)<br>SHANE & TAITZ<br>1600 Drakes Landing Road, Suite 200<br>Greenbrae, California 94904<br>TELEPHONE NO.: 415/464-2020   FAX NO.: 415/464-2024<br>ATTORNEY FOR *(Name):* Plaintiff Peter Hall | 2013 JAN 23   AM 11: 32<br><br>M. Rawson |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ALAMEDA
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, California 95113
BRANCH NAME:

CASE NAME:
Hall  v. LSG Sky Chefs

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 1 1 3 C V 2 3 9 9 6 5 |
| | | | | JUDGE<br>DEPT: |

BY FAX

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☑ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is  ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* Two causes of action for General Negligence and Premises Liability.
5. This case ☐ is  ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*
Date: January 9, 2013
David R. Shane, Esq.
_____        _____
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Approved for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

CIVIL LAWSUIT NOTICE                                    ATTACHMENT CV-5012

*Superior Court of California, County of Santa Clara*
*191 N. First St., San Jose, CA 95113*     CASE NUMBER:  1 1 3 C V 2 3 9 9 6 5

**PLEASE READ THIS ENTIRE FORM**

*PLAINTIFF* (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons,* an *Alternative Dispute Resolution (ADR) Information Sheet,* and a copy of this *Civil Lawsuit Notice,* and you must file written proof of such service.

---

*DEFENDANT* (The person sued): You must do each of the following to protect your rights:

1. You must file a written response to the *Complaint,* using the proper legal form or format, in the Clerk's Office of the Court, within 30 days of the date you were served with the *Summons* and *Complaint;*
2. You must serve by mail a copy of your written response on the *Plaintiff's* attorney or on the *Plaintiff* if *Plaintiff* has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

**Warning: If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

---

*RULES AND FORMS:* You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), www.scselfservice.org (Select "Civil") or from:

  - State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
  - Local Rules and Forms: http://www.scsuperiorcourt.org/civil/rule1loc.htm

*CASE MANAGEMENT CONFERENCE (CMC):* You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

  *You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.*

---

*Your Case Management Judge is:* Honorable Kevin McKenney          Department:   20

The 1st CMC is scheduled for: (Completed by Clerk of Court)

          Date:   MAY 2 1 2013     Time: 2:15 PM   in Department:  20

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)

          Date:                     Time:            in Department:

---

*ALTERNATIVE DISPUTE RESOLUTION (ADR):* If all parties have appeared and filed a completed ADR Stipulation Form (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.scsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

< Arbitration is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties, then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:
    < The action is for personal injury, property damage, or breach of contract
    < Only monetary damages are sought
    < Witness testimony, under oath, needs to be evaluated
    < An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

< Civil Judge ADR allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:
    < The parties have complex facts to review
    < The case involves multiple parties and problems
    < The courthouse surroundings would be helpful to the settlement process

< Special masters and referees are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.

Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

< Settlement conferences are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.

Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*

Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secrets; and wrongful death, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

Contact:
Santa Clara County Superior Court
ADR Administrator
408-882-2530

Santa Clara County DRPA Coordinator
408-792-2910

---

ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET/ CIVIL DIVISION

CV-5003 REV 8/08

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
## ALTERNATIVE DISPUTE RESOLUTION
## INFORMATION SHEET / CIVIL DIVISION

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation:

< ADR can save time. A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

< ADR can save money. Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

< ADR provides more participation. Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

< ADR provides more control and flexibility. Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

< ADR can reduce stress. ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*

< Mediation is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

< Mediation may be appropriate when:
    < The parties want a non-adversary procedure
    < The parties have a continuing business or personal relationship
    < Communication problems are interfering with a resolution
    < There is an emotional element involved
    < The parties are interested in an injunction, consent decree, or other form of equitable relief

< Neutral evaluation, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral' s evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
    < The parties are far apart in their view of the law or value of the case
    < The case involves a technical issue in which the evaluator has expertise
    < Case planning assistance would be helpful and would save legal fees and costs
    < The parties are interested in an injunction, consent decree, or other form of equitable relief

-over-

# EXHIBIT C

1  David R. Shane, Esq. [SBN: 109890]
   Robert J. Taitz, Esq. [SBN: 168334]
2  SHANE & TAITZ
   1000 Drakes Landing Road, Suite 200
3  Greenbrae, California 94904-3027
   Telephone:  415/464-2020
4  Facsimile:  415/464-2024

5  Attorneys for Plaintiff
   PETER HALL

6

7

8                    SUPERIOR COURT OF CALIFORNIA

9                       COUNTY OF SANTA CLARA

10

11  PETER HALL,                          )    Case No. 26-60698
                                         )
12              Plaintiff,               )
                                         )    **PLAINTIFF'S ANSWERS TO**
13       vs.                             )    **SPECIAL INTERROGATORIES**
                                         )
14  LSG SKY CHEFS  and DOES 1 TO 25 inclusive,  )
                                         )
15                                       )
              Defendants.                )
16  _____  )

17

18

19

20       Propounding Party      :    Defendant LSG SKY CHEFS

21       Responding Party       :    Plaintiff PETER HALL

22       Set Number             :    [1] One

23

24       Pursuant to California *Code of Civil Procedure* § 2030, *et seq.*, Plaintiff PETER HALL

25  [hereafter "Peter Hall" or "Plaintiff"] hereby responds to the Special Interrogatories  (Set One)

26  propounded by defendant LSG SKY CHEFS [ "LSG Sky Chefs"] , as follows:

27  ///

28  ///

_____

ANSWERS TO SPECIAL INTERROGATORIES                              Page 1

---

Received By
LLB&L

JUN 1 3 2013

Received By_____ On_____
File No._____

**ANSWER TO SPECIAL INTERROGATORY NO. 28:**

Not applicable.

**SPECIAL INTERROGATORY NO. 29:**

If YOU contend YOU were required to purchase any converge for any benefits as a result of the INCIDENT, IDENTIFY any and all such benefits.

**ANSWER TO SPECIAL INTERROGATORY NO. 29:**

Not applicable.

**SPECIAL INTERROGATORY NO. 30:**

If YOU contend YOU were required to purchase any coverage for any benefits as a result of the INCIDENT, identify (by name, address and telephone number) all PERSON(S) who YOU believe have personal knowledge of YOUR contention.

**ANSWER TO SPECIAL INTERROGATORY NO. 30:**

Not applicable.

**SPECIAL INTERROGATORY NO. 31:**

If YOU contend YOU were required to purchase any coverage for any benefits as a result of the INCIDENT identify all DOCUMENTS which support YOUR contention. .

**ANSWER TO SPECIAL INTERROGATORY NO. 31:**

Not applicable.

**SPECIAL INTERROGATORY NO. 32:**

List the address (including the city and state) of YOUR place of citizenship (i.e., YOUR place of domicile).

**ANSWER TO SPECIAL INTERROGATORY NO.32:**

4749 Nicol Com. No. 101, Livermore, California 94550

**SPECIAL INTERROGATORY NO. 33:**

Identify in feet and inches the distance YOU claim YOU fell to the ground at the time of the INCIDENT (i.e., how high off the ground is the loading dock at the location YOU claim YOU fell?).

**ANSWER TO SPECIAL INTERROGATORY NO. 33:**

Plaintiff believes the distance he fell was approximately five (5) feet.

1

**PROOF OF SERVICE**
*Peter Hall v. LSG Sky Chefs*
Santa Clara County Superior Court Case No.:113CV239965

2

3        I declare that I am employed in the County of Marin, State of California.  I am over eighteen
years and not a party to the within cause; my business address is Shane & Taitz, 1000 Drakes Landing

4    Road, Suite 200, 2nd Floor, Greenbrae, California 94904-3027.
On June 10, 2013, I served upon the interested party hereto the within document, described as:

5

**PLAINTIFF'S ANSWERS TO SPECIAL INTERROGATORIES**

6

on all parties in this action, as addressed below, bu causing a true copy thereof to be distributed

7    as follows:

8

9    Mitchell J. Popham, Esq.
Kelly S. Biggins, Esq.

10   LOCKE LORD LLP
300 South Grand Avenue, Suite 2600

11   Los Angeles, California 90071
Telephone: 213-485-1500

12   Facsimile: 213-485-1200

13

14   ☐      **By United States Mail:** I enclosed said document in a sealed envelope at Greenbrae, California.  I am
readily familiar with the firm's practice of collection and processing of items for mailing.  Under that

15   practice, each item is deposited with the United States Postal Service on that same day with postage thereon
fully prepaid at Greenbrae, California, during the ordinary course of business.  I am aware that on motion of

16   the party served, service is presumed invalid if the postal cancellation/meter date is more than one day after
date of deposit for mailing in affidavit.

17   I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed
in the mail at Greenbrae, California.

18

19

20        I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.  Executed on June 10, 2013 at Greenbrae, California.

21

22                                              RITA R. FIX

23

24

25

26

27

28

Proof of Service                                                                    Page 1

# EXHIBIT D

13/2013 10:32 FAX  14154642024      SHANE & TAITZ                            001/004



1000 Drakes Landing Road
Suite 200 – 2nd Floor
Greenbrae, California 94904
Telephone: 415.464.2020
Facsimile: 415.464.2024



**SHANE & TAITZ**



# Fax

RECEIVED
JUN 13 REC'D

| To: | Mitchell J. Popham | From: | Kristen Lippstreu |
|---|---|---|---|
| Fax: | 213-485-1200 | Pages: | 4 (Including this page) |
| Phone: | 213-485-1500 | Date: | June 13, 2013 |
| Re: | Peter Hall | | |

☐ **Urgent**   ☐ **For Review**   ☐ **Please Comment**   ☐ **Please Reply**   ☐ **Please Recycle**

● **Comments:**

CONFIDENTIALITY NOTICE

The information contained in this facsimile message is privileged or confidential information intended only for the use by the individual or entity named above. If you are not the intended recipient or employee or agent thereof responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this fax transmission is prohibited. If you have received this fax transmission in error, please immediately telephone 415/464-2020.

1   David R. Shane, Esq. [SBN: 109890]
    Robert J. Taitz, Esq. [SBN: 168334]
2   SHANE & TAITZ
    1000 Drakes Landing Road, Suite 200
3   Greenbrae, California 94904-3027
    Telephone: 415/464-2020
4   Facsimile: 415/464-2024

5   Attorneys for Plaintiff
    PETER HALL

6

7

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   COUNTY OF CONTRA COSTA

10

11

12   PETER HALL                       )   Case No. RG12657643
                                    )
13               Plaintiff,             )   **PLAINTIFF'S RESPONSE TO**
                                    )   **REQUEST FOR NATURE AND**
14           vs.                   )   **AMOUNT OF DAMAGES**
                                    )
15   LSG SKY CHEFS and DOES 1 TO 25 inclusive, )
                                    )
16               Defendants.         )
                                    )
17   _____ )
                                    )
18                                     )
                                    )
19                                     )

20

21         Pursuant to California *Code of Civil Procedure* § 425.11, plaintiff PETER HALL

22   (hereafter "plaintiff") hereby responds to the Request for Nature and Amount of Damages

23   propounded by defendant LSG SKY CHEFS, as follows:

24         1.       Hospital billings and related expenses - $7,000.00. This is only an estimate.

25         2.       Physician, nursing and/or therapist or medical practitioner billings - $15,000. This

26   is only an estimate.

27         3.       Accrued wage or income losses - $10,000.00. This is only an estimate.

28

1          4,      Claim of future income loss/earning capacity - $100,000.00. This is only an

2   estimate based on current incapacities.

3          5.      General damages including, but not limited to, pain and suffering, disfigurement,

4   embarrassment, humiliation, loss of care, comfort, society, protection and support - $100,000.00.

5   This is only an estimate based on current incapacities.

6

7   DATED: June 13, 2013

8                                              SHANE & TAITZ

9

10                                     By: _____

11                                          David Shane
                                            Attorneys for Plaintiff
12                                          PETER HALL

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

06/13/2013 10:33 FAX  14154642024          SHANE & TAITZ                    ☑ 004/004

1
PROOF OF SERVICE
*Peter Hall v. LSG Sky Chefs*

2
Santa Clara County Superior Court Case No.:113CV239965

3
I declare that I am employed in the County of Marin, State of California. I am over eighteen
years and not a party to the within cause; my business address is Shane & Taitz, 1000 Drakes Landing

4
Road, Suite 200, 2ⁿᵈ Floor, Greenbrae, California 94904-3027.
On June 6, 2013, I served upon the interested party hereto the within document, described as:

5
**PLAINTIFF'S RESPONSE TO REQUEST FOR STATEMENT OF DAMAGES**

6
on all parties in this action, as addressed below, bu causing a true copy thereof to be distributed

7
as follows:

8

Mitchell J. Popham, Esq.

9
Kelly S. Biggins, Esq.
LOCKE LORD LLP

10
300 South Grand Avenue, Suite 2600
Los Angeles, California 90071

11
Telephone: 213-485-1500
Facsimile: 213-485-1200

12
☐    **By Facsimile Transmission**: Based on an agreement of the parties to accept service by fax

13
transmission, I faxed a true and correct photocopy thereof. The facsimile machine I used complies with
California Rules of Court, Rule 2003(3), and the transmission was reported as complete and without error

14
by the transmitting machine. Pursuant to California Rules of Court, Rule 2003(6), a Fax History Report
was properly issued and printed by the transmitting facsimile machine after the fax transmission was

15
completed.

16
☐    **By United States Mail:** I enclosed said document in a sealed envelope at Greenbrae, California. I am
readily familiar with the firm's practice of collection and processing of items for mailing. Under that

17
practice, each item is deposited with the United States Postal Service on that same day with postage thereon
fully prepaid at Greenbrae, California, during the ordinary course of business. I am aware that on motion of

18
the party served, service is presumed invalid if the postal cancellation/meter date is more than one day after
date of deposit for mailing in affidavit.

19

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed

20
in the mail at Greenbrae, California.

21

22
I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct. Executed on June 13, 2013 at Greenbrae, California.

23

24
_Kristen Lippstreu_
KRISTEN LIPPSTREU

25

26

27

28

Proof of Service                                                                    Page 1

# EXHIBIT E

1  LOCKE LORD LLP
   Mitchell J. Popham (SBN: 126194)
2  mpopham@lockelord.com
   Kelly S. Biggins (SBN: 252515)
3  kbiggins@lockelord.com
   300 South Grand Avenue, Suite 2600
4  Los Angeles, CA 90071
   Telephone:    213-485-1500
5  Fax:          213-485-1200
6
7  Attorneys for Defendant
   LSG SKY CHEFS
8
9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11

12  PETER HALL, an individual,              )   CASE NO.
                                            )
13                       Plaintiff,         )   DECLARATION OF ANNE CROWE IN
                                            )   SUPPORT OF LSG SKY CHEFS'
14     vs.                                  )   NOTICE OF REMOVAL
                                            )
15  LSG SKY CHEFS, Does 1 to 25 Inclusive,  )
                                            )
16                       Defendant.         )
                                            )
17                                          )
                                            )
18 _____)

19      I, Anne Crowe, declare as follows:

20      1.      I am a Vice President and General Counsel for Defendant LSG SKY CHEFS ("SKY

21  CHEFS"). I make this Declaration in support of SKY CHEFS' Notice of Removal. I am over the

22  age of eighteen and have personal knowledge of the facts set forth in this declaration. If called to

23  testify as a witness in this proceeding, I could and would competently testify to the facts set forth

24  herein.

25      2.      In my capacity as Vice President and General Counsel, I am knowledgeable about

26  SKY CHEFS' place of incorporation and principle place of business and can state that SKY CHEFS'

27  is a Delaware Corporation with its principal place of business in Texas.

28  ///

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

1    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and

2  correct.

3  Executed this 8th day of July, 2013.                     _Anne Crowe_____

4                                                              ANNE CROWE

DECLARATION OF ANNE CROWE
*Peter Hall v. LSG Sky Chefs*

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

# EXHIBIT F

1  Mitchell J. Popham (SBN: 126194)
   mpopham@lockelord.com
2  Kelly S. Biggins (SBN: 252515)
   kbiggins@lockelord.com
3  LOCKE LORD LLP
4  300 South Grand Avenue, Suite 2600
   Los Angeles, California 90071
5  Telephone: 213-485-1500
   Fax: 213-485-1200
6
7  Attorneys for Defendant
   LSG SKY CHEFS
8

ENDORSED

2013 APR 22 A 11: 38

David H. Yamasaki Chief of the Superior Court
County of Santa Clara, California
By _____
J. Castellanos

9          SUPERIOR COURT OF THE STATE OF CALIFORNIA

10             FOR THE COUNTY OF SANTA CLARA

11  PETER HALL, an individual          )  CASE NO. 113CV239965
                                       )
12                  Plaintiff,         )  Hon. Kevin McKenney, Dept. 20
                                       )
13       vs.                           )  DEFENDANT LSG SKY CHEFS'
                                       )  ANSWER TO COMPLAINT AND
14  LSG SKY CHEFS, Does 1 to 25 Inclusive, )  DEMAND FOR JURY TRIAL
                                       )
15                                     )  Action Filed: January 23, 2013
                  Defendant.           )
16                                     )
                                       )
17  _____

18         Under California Code of Civil Procedure section 431.30, Defendant LSG Sky Chefs

19  ("Defendant") answers Plaintiff Peter Hall's ("Plaintiff") unverified complaint (the "Complaint") for

20  itself alone and for no other party as follows:

21                            **GENERAL DENIAL**

22         Under California Code of Civil Procedure section 431.30(d), Defendant generally and

23  specifically denies each and every allegation and each and every part of each and every allegation

24  contained in the Complaint and the whole thereof and specifically denies that Plaintiff has been

25  injured or has sustained any damages as a result of any alleged acts, omissions or breaches of duty

26  (whether contractual or otherwise) on the part of Defendant, or any of its agents, servants or

27  employees.

28

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

CONFORM COPY

1

DEFENDANT LSG SKY CHEFS' ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

## AFFIRMATIVE DEFENSES

As separate, distinct and affirmative defenses to the claim on file herein and to each cause of action thereof, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

1.     Plaintiff's claims are barred because the Complaint and every claim contained therein fails to state facts sufficient to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

(Waiver)

2.     Plaintiff's claims are barred because he has waived any right to recovery from Defendant for the claims in the Complaint and each purported cause of action therein by his own acts, omissions and/or conduct.

### THIRD AFFIRMATIVE DEFENSE

(Failure to Join Indispensable Parties)

3.     Plaintiff's claims are barred because Plaintiff has failed to join in the Complaint all necessary and indispensable parties, without whom the purported claims asserted in the Complaint cannot fully, finally and completely be resolved.

### FOURTH AFFIRMATIVE DEFENSE

(Estoppel)

4.     By virtue of his own acts, omissions and/or conduct, Plaintiff is estopped from asserting any recovery and/or rights which he may have against Defendant.

### FIFTH AFFIRMATIVE DEFENSE

(Unclean Hands)

5.     Plaintiff is barred from maintaining the Complaint or any purported cause of action therein because of its or his own misconduct constituting unclean hands.

///
///
///

2

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

## SIXTH AFFIRMATIVE DEFENSE

### (Statute of Limitation)

6.   Plaintiff's claims are barred by the applicable statutes of limitation including, but not limited to, the statutes of limitations set forth in California Code of Civil Procedure sections 335.1, 337, 338, 339, 340, 343, 437 and 474 and each pertinent subsection.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Duty)

7.   Defendant specifically denies that it owed duties of the kind alleged in the Complaint to Plaintiff at any time relevant herein.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Causation)

8.   Defendant's conduct, if any, was neither the cause in fact nor the proximate cause of any injury, loss or damage alleged by Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

9.   Plaintiff's claims are barred because Plaintiff failed to exercise reasonable care and diligence to mitigate his injuries or damages.  Therefore, Plaintiff's recovery, if any, should be barred or reduced by the failure to mitigate.

## TENTH AFFIRMATIVE DEFENSE

### (Comparative Fault of Plaintiff)

10.   The damages sustained by Plaintiff, if any, were caused by acts of Plaintiff which acts bar and/or diminish Plaintiff's recovery, if any, against Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Comparative Fault of Third Parties)

11.   The damages sustained by Plaintiff, if any, were caused by the acts of other parties, persons or entities (named or unnamed) other than Defendant over which Defendant had no authority or control, which acts bar and/or diminish Plaintiff's recovery, if any, against Defendant.

///

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

## TWELFTH AFFIRMATIVE DEFENSE

### (Apportionment)

12.    The liability of Defendant, if any, and other responsible parties, persons or entities (named or unnamed), should be apportioned according to the relative degree of fault between them, if any, and the liability of Defendant should be reduced accordingly.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Set Off)

13.    Plaintiff's claimed damages must be offset by any and all recoveries heretofore obtained by Plaintiff in satisfaction of the claimed damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Superseding Cause)

14.    The damages purportedly sustained by Plaintiff, if any, were proximately caused by the intervening and superseding acts of Plaintiff and/or others, which bar and/or diminish Plaintiff's recovery, if any, against Defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Lack of Notice)

15.    Plaintiff's claims are barred because he failed to give Defendant reasonable notice of any wrongful conduct or damage as alleged in the Complaint and said lack of notice prevented Defendant from undertaking any measures to protect against any wrongful conduct or damage alleged in the Complaint, if indeed such measures were needed.  Plaintiff's claims are also barred because Defendant did not have actual or constructive notice of the allegedly dangerous condition, use, structure or activity alleged in the Complaint within sufficient or reasonable time before the incident including, without limitation, the condition of the loading dock and/or dock plate.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

16.    Plaintiff's claims are barred because Plaintiff has failed to take those precautions which would have avoided and/or diminished the damages alleged in the Complaint, if any.

///

DEFENDANT LSG SKY CHEFS' ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA. 90071-3119

### SEVENTEENTH AFFIRMATIVE DEFENSE

(Failure to Follow Instructions and Warnings)

17.    Plaintiff's claims are barred to the extent the damages alleged in the Complaint were proximately caused by failure to follow the instructions or warnings with respect to any allegedly dangerous condition, use, structure or activity alleged in the Complaint including, without limitation, use of the loading dock and/or dock plate.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(Reasonable and Adequate Guards and/or Warnings)

18.    Plaintiff's claims are barred because Defendant and/or those working on Defendant's behalf provided reasonable and adequate guards and/or warnings with respect to any allegedly dangerous condition, use, structure or activity alleged in the Complaint.

### NINETEENTH AFFIRMATIVE DEFENSE

(Assumption of the Risk)

19.    Plaintiff's claims are barred to the extent that any loss, injury, damage or detriment alleged in the Complaint was caused or contributed by the actions of Plaintiff in voluntarily encountering known risks of harm and proceeding to do the acts and things alleged in the Complaint, and the assumption of said risks by him, knowing said risks, caused or contributed to the loss, injury, damage or detriment alleged in the Complaint.  Defendant alleges that the loss, injury, damage or detriment purportedly suffered by Plaintiff associated with Plaintiff's assumption of the risk is one hundred percent (100%).

### TWENTIETH AFFIRMATIVE DEFENSE

(No Control)

20.    Plaintiff's claims are barred because Defendant did not control, own, lease and/or occupy the premises or any allegedly dangerous condition, use, structure or activity alleged in the Complaint.

///
///
///

5

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Open and Obvious)

21.     Plaintiff's claims are barred because the allegedly dangerous condition, use, structure or activity alleged in the Complaint, if any, arose from a minor, trivial or insignificant defect in the property.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Open and Obvious)

22.     Plaintiff's claims are barred because the allegedly dangerous condition, use, structure or activity alleged in the Complaint, if any, were open and obvious and/or known to Plaintiff.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(Lack of Particularity)

23.     Plaintiff has not set out his claims with sufficient particularity to permit Defendant to raise all appropriate affirmative defenses.  Accordingly, Defendant reserves the right to add additional affirmative defenses based on any new or additional information it may acquire.

### PRAYER

WHEREFORE, Defendant prays for a judgment as follows:

1.     That the Complaint be dismissed with prejudice as against Defendant;

2.     That judgment be entered in favor of Defendant and against Plaintiff;

3.     That Plaintiff take nothing by way of this action against Defendant;

4.     That Defendant be awarded its costs of suit and attorneys' fees to the extent that they are recoverable; and,

5.     That this Court grant Defendant any other relief that it deems just and proper.

///
///
///
///

DEFENDANT LSG SKY CHEFS' ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

1   Dated: April 19, 2013

Respectfully submitted,

LOCKE LORD LLP

By: _____
    Mitchell J. Popham
    Kelly S. Biggins
    Attorneys for Defendant LSG SKY CHEFS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

DEFENDANT LSG SKY CHEFS' ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL

1

## DEMAND FOR JURY TRIAL

2        Defendant LSG Sky Chefs demands a trial by jury of all issues in this matter where trial by

3    jury is permitted.

4

5    Dated:  April 19, 2013                                Respectfully submitted,

6                                                          LOCKE LORD LLP

7

8                                                          By: _____

9                                                               Mitchell J. Popham
                                                               Kelly S. Biggins
10                                                         Attorneys for Defendant LSG SKY CHEFS

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT LSG SKY CHEFS' ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

STATE OF CALIFORNIA                    )
COUNTY OF LOS ANGELES                  )   ss.

**PROOF OF SERVICE**

ENDORSED

     I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is: 300 South Grand Avenue, Suite 2600, Los Angeles, CA 90071. On April 19, 2013, I served the foregoing document described as:

David H. Yamasaki, Clerk of the Superior Court
County of Santa Clara, California

### DEFENDANT LSG SKY CHEFS' ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL

J. Coo-Mai... or

on the parties or attorneys for parties in this action who are identified on the attached service list, using the following means of service. (If more than one means of service is checked, the means of service used for each party is indicated on the attached service list).

☐   **BY PERSONAL SERVICE.** I placed ___ the original or ___ a true copy of the foregoing document in sealed envelopes individually addressed to each of the parties on the attached service list, and caused such envelope to be delivered by hand to the offices of each addressee.

☐   **BY FACSIMILE TRANSMISSION.** I caused ___ the original or ___ a true copy of the foregoing document to be transmitted to each of the parties on the attached service list at the facsimile machine telephone number as last given by that person on any document which he or she has filed in this action and served upon this office.

☑   **BY MAIL.** I placed ___ the original or ✓ a true copy of the foregoing document in a sealed enveloped individually addressed to each of the parties on the attached service list, and caused each such envelope to be deposited in the mail at 300 South Grand Avenue, Suite 2600, Los Angeles, CA 90071. Each envelope was mailed with postage thereon fully prepaid. I am readily familiar with this firm's practice of collection and processing of correspondence for mailing. Under that practice, mail is deposited with the United States Postal Service the same day that it is collected in the ordinary course of business.

☐   **BY E-MAIL.** I caused the foregoing document(s) to be transmitted by e-mail electronic transmission to the e-mail address on the attached service list as last given by that person on any document which he or she has filed in this action and served upon this office.

☐   **BY EXPRESS MAIL.** I placed ___ the original or ___ a true copy of the foregoing document in a sealed enveloped individually addressed to each of the parties on the attached service list, and caused each such envelope to be deposited in the mail at 300 South Grand Avenue, Suite 2600, Los Angeles, CA 90071. Each envelope was mailed with Express Mail postage thereon fully prepaid. I am readily familiar with this firm's practice of collection and processing of correspondence for mailing. Under that practice, mail is deposited with the United States Postal Service the same day that it is collected in the ordinary course of business.

☐   **BY FEDERAL EXPRESS.** I placed ___ the original or ___ a true copy of the foregoing document in a sealed enveloped or package designated by Federal Express with delivery fees paid or provided for, individually addressed to each of the parties on the attached service list, and caused such envelope or package to be delivered at 300 South Grand Avenue, Suite 2600, Los Angeles, CA 90071, to an authorized courier or driver authorized by Federal Express to receive documents.

☑   **(State)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐   **(Federal)** I declare that I am employed in the office of a member of the bar of this court, at whose direction the service was made.

Executed on April 19, 2013, at Los Angeles, California.

*Melissa Popham*
Melissa Popham

SERVICE LIST

*Peter Hall v. LSG Sky Chefs*

Superior Court of California County of Santa Clara

Case No.: 113CV239965

| | |
|---|---|
| David R. Shane, Esq.<br>SHANE & TAITZ<br>1000 Drakes Landing Road, Suite 200<br>Greenbrae, California 94904<br>Telephone: (415) 464-2020<br>Facsimile: (425) 464-2024<br>Email: dshane@shanetaitz.com | *Attorney for:* PLAINTIFF PETER HALL |

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

David R. Shane, Esq. (SBN 109890)
SHANE & TAITZ
1000 Drakes Landing Road, Suite 200, Greenbrae, California 94904
   TELEPHONE NO.: 415-464-2020        FAX NO. *(Optional):* 415-464-2024
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Plaintiff Peter Hall

Received By
LLB&L
MAY 17 2013
Received By_____On_____
File No._____

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
   STREET ADDRESS: 161 North First Street
   MAILING ADDRESS:
   CITY AND ZIP CODE: San Jose, California 95113
   BRANCH NAME:

PLAINTIFF/PETITIONER: PETER HALL

DEFENDANT/RESPONDENT: LSG SKY CHEFS

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):* ☑ UNLIMITED CASE      ☐ LIMITED CASE<br>(Amount demanded      (Amount demanded is $25,000<br>exceeds $25,000)      or less) | 113CV239965 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:
Date: May 21, 2013      Time: 2:15 p.m.      Dept.: 20      Div.:      Room:
Address of court *(if different from the address above):*

☑ Notice of Intent to Appear by Telephone, by *(name):*  David R. Shane, Esq.

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☑ This statement is submitted by party *(name):*  Plaintiff Peter Hall
   b. ☐ This statement is submitted **jointly by parties** *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* January 23, 2013
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☑ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in  ☑ complaint      ☐ cross-complaint      *(Describe, including causes of action):*
      The Complaint contains cause of action for General Negligence and Premises Liability.

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3,720–3,730
www.courts.ca.gov

CM-110

| PLAINTIFF/PETITIONER: PETER HALL | CASE NUMBER: |
| DEFENDANT/RESPONDENT: LSG SKY CHEFS | 113CV239965 |

4.  b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Defendants owned and/or managed a facility that had loading docks. Plaintiff Peter Hall, who was employed by a supplier of defendant LSG Sky Chefs was off-loading red trays that had metal baskets in them. At the area where plaintiff was off-loading the dock plate was not properly belted down. As plaintiff moved the heavy trays the unstable dock plate shifted and plaintiff fell down about five feet.

[  ]   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request   [✓] a jury trial   [  ] a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  [  ]   The trial has been set for *(date):*
b.  [✓]   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
Weeks Commencing: 05/31/2013; 07/29/2013; 08/02/2013; 09/16/2013; 11/04/2013; 01/24/2014.

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  [✓]   days *(specify number):* 5-7
b.  [  ]   hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   [✓] by the attorney or party listed in the caption   [  ] by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:                                   f.   Fax number:
e.   E-mail address:                                      g.   Party represented:
[  ]   Additional representation is described in Attachment 8.

9.  **Preference**
[  ]   This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
a.   ADR information package. Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
(1)   For parties represented by counsel: Counsel [  ]   has   [  ]   has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
(2)   For self-represented parties: Party [  ]   has   [  ]   has not   reviewed the ADR information package identified in rule 3.221.
b.   **Referral to judicial arbitration or civil action mediation** *(if available).*
(1)   [  ]   This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
(2)   [  ]   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
(3)   [  ]   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: PETER HALL | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: LSG SKY CHEFS | 113CV239965 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form are **willing to participate in the following ADR processes** *(check all that apply):* | If the party or parties completing this form in the case have **agreed to participate in or have already completed an ADR process or processes,** indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| **(1) Mediation** | ☑ | ☑ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| **(2) Settlement conference** | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| **(3) Neutral evaluation** | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| **(4) Nonbinding judicial arbitration** | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| **(5) Binding private arbitration** | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| **(6) Other** *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

CM-110

| PLAINTIFF/PETITIONER: PETER HALL | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: LSG SKY CHEFS | 113CV239965 |

**11. Insurance**
a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:
b. Reservation of rights: ☐ Yes ☐ No
c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

**12. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
☐ Bankruptcy ☐ Other *(specify)*:
Status:

**13. Related cases, consolidation, and coordination**
a. ☐ There are companion, underlying, or related cases.
(1) Name of case:
(2) Name of court:
(3) Case number:
(4) Status:
☐ Additional cases are described in Attachment 13a.
b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

**14. Bifurcation**
☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

**15. Other motions**
☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

**16. Discovery**
a. ☐ The party or parties have completed all discovery.
b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| Plaintiff | Written Discovery | TBA |
| Plaintiff | Deposition of Defendant | TBA |
| Plaintiff | Expert Discovery | By Code |
| Plaintiff | Expert Deposition(s) | By Code |
| Plaintiff | Supplemental Discovery | By Code |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify)*:

**CASE MANAGEMENT STATEMENT**

CM-110

| | | CASE NUMBER: |
|---|---|---|
| PLAINTIFF/PETITIONER: | PETER HALL | 113CV239965 |
| DEFENDANT/RESPONDENT: | LSG SKY CHEFS | |

17. **Economic litigation**
   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.
   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed (*If checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case*):

18. **Other Issues**
   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference (*specify*):

19. **Meet and confer**
   a. ☑ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court (*if not, explain*):

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following (*specify*):

20. Total number of pages attached (*if any*): _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: May /  , 2013

David R. Shane, Esq.
_____
(TYPE OR PRINT NAME)

_____          _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____          _____
(TYPE OR PRINT NAME)                       (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**PROOF OF SERVICE**
*Peter Hall v. LSG Sky Chefs*
Santa Clara County Superior Court Case No.:113CV239965

I declare that I am employed in the County of Marin, State of California. I am over eighteen years and not a party to the within cause; my business address is Shane & Taitz, 1000 Drakes Landing Road, Suite 200, 2nd Floor, Greenbrae, California 94904-3027.

On May 13, 2013, I served upon the interested party hereto the within document, described as:

**CASE MANAGEMENT STATEMENT**

on all parties in this action, as addressed below, bu causing a true copy thereof to be distributed as follows:

Mitchell J. Popham, Esq.
Kelly S. Biggins, Esq.
LOCKE LORD LLP
300 South Grand Avenue, Suite 2600
Los Angeles, California 90071
Telephone: 213-485-1500
Facsimile: 213-485-1200

☐    **By United States Mail:** I enclosed said document in a sealed envelope at Greenbrae, California. I am readily familiar with the firm's practice of collection and processing of items for mailing. Under that practice, each item is deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Greenbrae, California, during the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation/meter date is more than one day after date of deposit for mailing in affidavit.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Greenbrae, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on May 13, 2013 at Greenbrae, California.

_____
RITA R. FIX

Proof of Service

Page 1

CM-110

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Mitchell J. Popham (SBN: 126194) / Kelly S. Biggins (SBN: 252515)
LOCKE LORD LLP
300 South Grand Avenue, Suite 2600
Los Angeles, California 90071
TELEPHONE NO.: (213) 485-1500    FAX NO. *(Optional):* (213) 485-1200
E-MAIL ADDRESS *(Optional):* mpopham@lockelord.com / kbiggins@lockelord.com
ATTORNEY FOR *(Name):* Defendant LSG SKY CHEFS

ENDORSED
*FOR COURT USE ONLY*
FILED

2013 MAY -6 P 2: 13

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 161 N. First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, California 95113-1090
BRANCH NAME: Historic Courthouse

PLAINTIFF/PETITIONER: PETER HALL

DEFENDANT/RESPONDENT: LSG SKY CHEFS

| CASE MANAGEMENT STATEMENT | | CASE NUMBER: |
|---|---|---|
| *(Check one):* ☒ UNLIMITED CASE (Amount demanded exceeds $25,000) | ☐ LIMITED CASE (Amount demanded is $25,000 or less) | 113CV239965 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: May 21, 2013      Time: 2:15 p.m.      Dept.: 20      Div.:      Room:

Address of court *(if different from the address above):*

☒ Notice of Intent to Appear by Telephone, by *(name):* Kelly S. Biggins

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** *(answer one):*
   a. ☒ This statement is submitted by party *(name):* Defendant LSG Sky Chefs ("Sky Chefs")
   b. ☐ This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* January 23, 2013
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐ have had a default entered against them *(specify names):*

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in ☒ complaint    ☐ cross-complaint    *(Describe, including causes of action):*
      Personal injury action in which Plaintiff asserts claims for (1) General Negligence and (2) Premises Liability.

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

CASE MANAGEMENT STATEMENT

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

FAXED


American LegalNet, Inc.
www.FormsWorkFlow.com

CM-110

| PLAINTIFF/PETITIONER: PETER HALL | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: LSG SKY CHEFS | 113CV239965 |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
Personal injury action stemming from accident that occurred on July 23, 2012 at 1355 Airport Blvd., San Jose, CA. Plaintiff claims he was off-loading trays on a loading dock owned and/or managed by Sky Chefs and that the dock plate was not properly belted down.  Plaintiff claims that as he moved the trays, the dock plate shifted and that he fell down about five feet and sustained injuries.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request   ☒ a jury trial  ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):* Sky Chefs has requested a jury trial.

6. **Trial date**
   a. ☐ The trial has been set for *(date)*:
   b. ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain)*:
   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability)*:
   Oct. 16, 2013 (FSC); Oct. 28, 2013 (3 week trial); Dec. 2-23, 2013 (3 week trial); Dec. 24-31, 2013 (vacation).

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one)*:
   a. ☒ days *(specify number)*: 3-5 days
   b. ☐ hours (short causes) *(specify)*:

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☒ by the attorney or party listed in the caption   ☐ by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:                                f. Fax number:
   e. E-mail address:                                  g. Party represented:
   ☐ Additional representation is described in Attachment 8.

9. **Preference**
   ☐ This case is entitled to preference *(specify code section)*:

10. **Alternative dispute resolution (ADR)**
   a. ADR information package. Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
      (1) For parties represented by counsel: Counsel ☒ has  ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
      (2) For self-represented parties: Party ☐ has  ☐ has not reviewed the ADR information package identified in rule 3.221.
   b. Referral to judicial arbitration or civil action mediation *(if available)*.
      (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
      (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
      (3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption)*:

CM-110 [Rev. July 1, 2011]          **CASE MANAGEMENT STATEMENT**          American LegalNet, Inc.
www.FormsWorkFlow.com

CM-110

| PLAINTIFF/PETITIONER: PETER HALL | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: LSG SKY CHEFS | 113CV239965 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form are willing to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☒ | ☒ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: Sky Chefs is willing to participate in Mediation at the appropriate time once it has been able to complete its initial discovery and has a better understanding of this case and Plaintiff's claimed damages. |
| (2) Settlement conference | ☒ | ☒ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: Sky Chefs is willing to participate in a Settlement Conference at the appropriate time once it has been able to complete its initial discovery and has a better understanding of this case and Plaintiff's claimed damages. |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

**CASE MANAGEMENT STATEMENT**

American LegalNet, Inc.<br>www.FormsWorkFlow.com

CM-110

| PLAINTIFF/PETITIONER: PETER HALL | CASE NUMBER: |
| --- | --- |
| DEFENDANT/RESPONDENT: LSG SKY CHEFS | 113CV239965 |

11. **Insurance**
   a. ☐ Insurance carrier, if any, for party filing this statement *(name):* Allianz Global Corporate & Specialty AG
   b. Reservation of rights: ☐ Yes ☒ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

12. **Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
   ☐ Bankruptcy ☐ Other *(specify):*
   Status:

13. **Related cases, consolidation, and coordination**
   a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      ☐ Additional cases are described in Attachment 13a.
   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

14. **Bifurcation**
   ☒ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*
   To be determined.

15. **Other motions**
   ☒ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
   Potential discovery motions and potential other motions to be determined.

16. **Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
| --- | --- | --- |
| Sky Chefs | Written Discovery and possible Supp'l Discovery | 90-120 days |
| Sky Chefs | Percipient Depositions and Deposition of Plaintiff | 90-120 days |
| Sky Chefs | Document Subpoenas | 90-120 days |
| Sky Chefs | Potential IMEs and Site Inspection | 90-120 days |
| Sky Chefs | Expert Discovery | 120-180 days |

   c. ☒ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*
      Unknown at this time.

CM-110 [Rev. July 1, 2011]
**CASE MANAGEMENT STATEMENT**
American LegalNet, Inc.
www.FormsWorkFlow.com

CM-110

| PLAINTIFF/PETITIONER: PETER HALL | CASE NUMBER: |
| DEFENDANT/RESPONDENT: LSG SKY CHEFS | 113CV239965 |

17.  **Economic litigation**
   a.   ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.
   b.   ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed (*if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case*):

18.  **Other issues**
      ☐ The party or parties request that the following additional matters be considered or determined at the case management conference (*specify*):

19.  **Meet and confer**
   a.   ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court (*if not, explain*):

   b.   After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following (*specify*): The parties are open to participating in potential informal resolution procedures, but agree that each needs to conduct initial discovery in this matter.  The parties also agree that approximatly 90-180 days is needed to complete discovery (expert and non-expert) and that trial should be set for approximatley February of 2014.

20.  Total number of pages attached (*if any*): _____0_____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: May 6, 2013

Mitchell J. Popham / Kelly S. Biggins                                    ▶ _____
(TYPE OR PRINT NAME)                                                              (SIGNATURE OF PARTY OR ATTORNEY)

                                                                         ▶ _____
_____                                          (SIGNATURE OF PARTY OR ATTORNEY)
(TYPE OR PRINT NAME)                                                     ☐ Additional signatures are attached.

American LegalNet, Inc.
www.FormsWorkFlow.com

STATE OF CALIFORNIA                )                    PROOF OF SERVICE
COUNTY OF LOS ANGELES              )  ss.

      I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is: 300 South Grand Avenue, Suite 2600, Los Angeles, CA 90071. On May 6, 2013, I served the foregoing document described as:

**DEFENDANT LSG SKY CHEFS' CASE MANAGEMENT STATEMENT**

on the parties or attorneys for parties in this action who are identified on the attached service list, using the following means of service. (If more than one means of service is checked, the means of service used for each party is indicated on the attached service list).

- ☐ **BY PERSONAL SERVICE.** I placed ___ the original or ___ a true copy of the foregoing document in sealed envelopes individually addressed to each of the parties on the attached service list, and caused such envelope to be delivered by hand to the offices of each addressee.

- ☐ **BY FACSIMILE TRANSMISSION.** I caused ___ the original or ___ a true copy of the foregoing document to be transmitted to each of the parties on the attached service list at the facsimile machine telephone number as last given by that person on any document which he or she has filed in this action and served upon this office.

- ☑ **BY MAIL.** I placed ___ the original or _✓_ a true copy of the foregoing document in a sealed enveloped individually addressed to each of the parties on the attached service list, and caused each such envelope to be deposited in the mail at 300 South Grand Avenue, Suite 2600, Los Angeles, CA 90071. Each envelope was mailed with postage thereon fully prepaid. I am readily familiar with this firm's practice of collection and processing of correspondence for mailing. Under that practice, mail is deposited with the United States Postal Service the same day that it is collected in the ordinary course of business.

- ☐ **BY E-MAIL.** I caused the foregoing document(s) to be transmitted by e-mail electronic transmission to the e-mail address on the attached service list as last given by that person on any document which he or she has filed in this action and served upon this office.

- ☐ **BY EXPRESS MAIL.** I placed ___ the original or ___ a true copy of the foregoing document in a sealed enveloped individually addressed to each of the parties on the attached service list, and caused each such envelope to be deposited in the mail at 300 South Grand Avenue, Suite 2600, Los Angeles, CA 90071. Each envelope was mailed with Express Mail postage thereon fully prepaid. I am readily familiar with this firm's practice of collection and processing of correspondence for mailing. Under that practice, mail is deposited with the United States Postal Service the same day that it is collected in the ordinary course of business.

- ☐ **BY FEDERAL EXPRESS.** I placed ___ the original or ___ a true copy of the foregoing document in a sealed enveloped or package designated by Federal Express with delivery fees paid or provided for, individually addressed to each of the parties on the attached service list, and caused such envelope or package to be delivered at 300 South Grand Avenue, Suite 2600, Los Angeles, CA 90071, to an authorized courier or driver authorized by Federal Express to receive documents.

- ☑ **(State)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

- ☐ **(Federal)** I declare that I am employed in the office of a member of the bar of this court, at whose direction the service was made.

Executed on May 6, 2013, at Los Angeles, California.

Melissa Popham

SERVICE LIST

*Peter Hall v. LSG Sky Chefs*

Superior Court of California County of Santa Clara

Case No.: 113CV239965

| David R. Shane, Esq.<br>SHANE & TAITZ<br>1000 Drakes Landing Road, Suite 200<br>Greenbrae, California 94904<br>Telephone: (415) 464-2020<br>Facsimile: (425) 464-2024<br>Email: dshane@shanetaitz.com | *Attorney for:* PLAINTIFF PETER HALL |
| --- | --- |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
Civil Division, 161 North First St.
San Jose, CA 95113

Received By

LLB&L

MAY 2 4 2013

Received By_____On_____
File No._____

TO:   Mitchell J. Popham
      Locke Lord LLP
      300 South Grand Avenue   Suite 2600
      Los Angeles,  CA 90071

RE:  P. Hall vs LSG Sky Chefs
Case Nbr:  1-13-CV-239965

NOTICE OF FURTHER CASE MANAGEMENT CONFERENCE

A further Case Management Conference has been scheduled for the above
entitled case, and you are directed to appear in court on:

Date: 06/18/13  At: 1000AM  in: Dept 20

Civil Division, 161 North First St., San Jose, CA 95113

For further information, contact the Calendar Office at (408)882-2100.

_____

Parties/Attorneys of Record:

CC: David R. Shane , Shane & Taitz LLP
        1000 Drakes Landing Road, Suite 200, Greenbrae, CA 94904

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with
Disabilities Act, please contact the Court Administrator's office at (408)882-2700, or use the Court's TDD line, (408)882-2690 or
the Voice/TDD California Relay Service, (800)735-2922.

DECLARATION OF SERVICE BY MAIL: I declare that I served this notice by enclosing a true copy in a sealed envelope, addressed to each
person whose name is shown above, and by depositing the envelope with postage fully prepaid, in the United States Mail at
San Jose, CA on 5-22-13.  DAVID H. YAMASAKI, Chief Executive Officer/Clerk by Emily Lan Ha-Mach, Deputy

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| David R. Shane, Esq. (SBN 109890)<br>SHANE & TAITZ<br>1000 Drakes Landing Road, Suite 200, Greenbrae, California 94904<br>TELEPHONE NO.: 415-464-2020   FAX NO. *(Optional):* 415-464-2024<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff Peter Hall | **Received By**<br>**LLB&L**<br>JUN 07 2013<br>Received By_____On_____<br>File No._____ |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 161 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, California 95113
BRANCH NAME:

PLAINTIFF/PETITIONER: PETER HALL

DEFENDANT/RESPONDENT: LSG SKY CHEFS

| CASE MANAGEMENT STATEMENT | | CASE NUMBER: |
|---|---|---|
| (Check one): ☑ UNLIMITED CASE<br>(Amount demanded<br>exceeds $25,000) | ☐ LIMITED CASE<br>(Amount demanded is $25,000<br>or less) | 113CV239965 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: June 18, 2013   Time: 10:00 a.m.   Dept.: 20   Div.:   Room:

Address of court *(if different from the address above):*

☑ Notice of Intent to Appear by Telephone, by *(name):*  David R. Shane, Esq.

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☑ This statement is submitted by party *(name):*  Plaintiff Peter Hall
   b. ☐ This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* January 23, 2013
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☑ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in ☑ complaint   ☐ cross-complaint   *(Describe, including causes of action):*
      The Complaint contains cause of action for General Negligence and Premises Liability.

Page 1 of 5

CM-110

| PLAINTIFF/PETITIONER: PETER HALL | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: LSG SKY CHEFS | 113CV239965 |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Defendants owned and/or managed a facility that had loading docks. Plaintiff Peter Hall, who was employed by a supplier of defendant LSG Sky Chefs was off-loading red trays that had metal baskets in them. At the area where plaintiff was off-loading the dock plate was not properly belted down. As plaintiff moved the heavy trays the unstable dock plate shifted and plaintiff fell down about five feet.

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request ☑ a jury trial.  ☐ a nonjury trial.  *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  ☐  The trial has been set for *(date):*
b.  ☑  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
Weeks Commencing: 07/29/2013; 08/02/2013; 09/16/2013; 11/04/2013; 11/14/2013; 01/24/2014; 04/25/2014; 06/23/2014.

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☑  days *(specify number):* 5-7
b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☑ by the attorney or party listed in the caption ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:
e.  E-mail address:
☐  Additional representation is described in Attachment 8.

f.  Fax number:
g.  Party represented:

9.  **Preference**
☐  This case is entitled to preference *(specify code section):*

10.  **Alternative dispute resolution (ADR)**
a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1)  For parties represented by counsel: Counsel ☐ has ☐ has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2)  For self-represented parties: Party ☐ has ☐ has not  reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** (if available).

(1)  ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2)  ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3)  ☐  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: PETER HALL | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: LSG SKY CHEFS | 113CV239965 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in (check all that apply and provide the specified information):

| | The party or parties completing this form are willing to participate in the following ADR processes (check all that apply): | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes (attach a copy of the parties' ADR stipulation): |
|---|---|---|
| (1) Mediation | ☑ | ☑ Mediation session not yet scheduled<br>☐ Mediation session scheduled for (date):<br>☐ Agreed to complete mediation by (date):<br>☐ Mediation completed on (date): |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for (date):<br>☐ Agreed to complete settlement conference by (date):<br>☐ Settlement conference completed on (date): |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for (date):<br>☐ Agreed to complete neutral evaluation by (date):<br>☐ Neutral evaluation completed on (date): |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for (date):<br>☐ Agreed to complete judicial arbitration by (date):<br>☐ Judicial arbitration completed on (date): |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for (date):<br>☐ Agreed to complete private arbitration by (date):<br>☐ Private arbitration completed on (date): |
| (6) Other (specify): | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for (date):<br>☐ Agreed to complete ADR session by (date):<br>☐ ADR completed on (date): |

CM-110

| | |
|---|---|
| PLAINTIFF/PETITIONER: PETER HALL | CASE NUMBER: 113CV239965 |
| DEFENDANT/RESPONDENT: LSG SKY CHEFS | |

**11. Insurance**
  a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:
  b. Reservation of rights: ☐ Yes ☐ No
  c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:


**12. Jurisdiction**
  Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
    ☐ Bankruptcy ☐ Other *(specify)*:
  Status:

**13. Related cases, consolidation, and coordination**
  a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      ☐ Additional cases are described in Attachment 13a.
  b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

**14. Bifurcation**
    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:


**15. Other motions**
    ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:


**16. Discovery**
  a. ☐ The party or parties have completed all discovery.
  b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| Plaintiff | Written Discovery | June 2013 |
| Plaintiff | Deposition of Defendant | TBA |
| Plaintiff | Expert Discovery | By Code |
| Plaintiff | Expert Deposition(s) | By Code |
| Plaintiff | Supplemental Discovery | By Code |

  c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify)*:

CM-110

| PLAINTIFF/PETITIONER:   PETER HALL | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:   LSG SKY CHEFS | 113CV239965 |

**17. Economic litigation**

   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90–98 will apply to this case.

   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

   a. ☑ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: June 3, 2013

David R. Shane, Esq.
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

1

PROOF OF SERVICE
*Peter Hall v. LSG Sky Chefs*
Santa Clara County Superior Court Case No.:113CV239965

2

3      I declare that I am employed in the County of Marin, State of California. I am over eighteen
years and not a party to the within cause; my business address is Shane & Taitz, 1000 Drakes Landing

4  Road, Suite 200, 2nd Floor, Greenbrae, California 94904-3027.
On June 4, 2013, I served upon the interested party hereto the within document, described as:

5

**CASE MANAGEMENT STATEMENT**

6

on all parties in this action, as addressed below, bu causing a true copy thereof to be distributed

7  as follows:

8

Mitchell J. Popham, Esq.

9  Kelly S. Biggins, Esq.
LOCKE LORD LLP

10  300 South Grand Avenue, Suite 2600
Los Angeles, California 90071

11  Telephone: 213-485-1500
Facsimile: 213-485-1200

12

13

☐      **By United States Mail:** I enclosed said document in a sealed envelope at Greenbrae, California. I am

14      readily familiar with the firm's practice of collection and processing of items for mailing. Under that

practice, each item is deposited with the United States Postal Service on that same day with postage thereon

15      fully prepaid at Greenbrae, California, during the ordinary course of business. I am aware that on motion of

the party served, service is presumed invalid if the postal cancellation/meter date is more than one day after

16      date of deposit for mailing in affidavit.

17      I am a resident or employed in the county where the mailing occurred. The envelope or package was placed

in the mail at Greenbrae, California.

18

19

20

I declare under penalty of perjury under the laws of the State of California that the

21  foregoing is true and correct. Executed on June 4, 2013 at Greenbrae, California.

22

23                                          RITA R. FIX

24

25

26

27

28

Proof of Service                                                            Page 1

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Mitchell J. Popham (SBN: 126194) / Kelly S. Biggins (SBN: 252515)<br>LOCKE LORD LLP<br>300 South Grand Avenue, Suite 2600<br>Los Angeles, California 90071<br>TELEPHONE NO.: (213) 485-1500    FAX NO. *(Optional):* (213) 485-1200<br>E-MAIL ADDRESS *(Optional):* mpopham@lockelord.com / kbiggins@lockelord.com<br>ATTORNEY FOR *(Name):* Defendant LSG SKY CHEFS | FOR COURT USE ONLY<br>ENDORSED<br>FILED<br>2013 MAY 31  A 9: 34<br>David H. Yamasaki, Clerk of the Superior Court<br>County of Santa Clara, California<br>By: _____<br>Deputy Clerk    A. Ramirez |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 161 N. First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, California 95113-1090
BRANCH NAME: Historic Courthouse

PLAINTIFF/PETITIONER: PETER HALL

DEFENDANT/RESPONDENT: LSG SKY CHEFS

| CASE MANAGEMENT STATEMENT | | CASE NUMBER:<br>113CV239965 |
|---|---|---|
| *(Check one):*  ☒ UNLIMITED CASE<br>(Amount demanded<br>exceeds $25,000) | ☐ LIMITED CASE<br>(Amount demanded is $25,000<br>or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: June 18, 2013        Time: 10:00 a.m.        Dept.: 20        Div.:        Room:

Address of court *(if different from the address above):*

☒    Notice of Intent to Appear by Telephone, by *(name):* Kelly S. Biggins

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1.  **Party or parties** *(answer one):*
    a.  ☒    This statement is submitted by party *(name):* Defendant LSG Sky Chefs ("Sky Chefs")
    b.  ☐    This statement is submitted jointly by parties *(names):*

2.  **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
    a.   The complaint was filed on *(date):* January 23, 2013
    b.  ☐    The cross-complaint, if any, was filed on *(date):*

3.  **Service** *(to be answered by plaintiffs and cross-complainants only)*
    a.  ☐    All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
    b.  ☐    The following parties named in the complaint or cross-complaint
        (1)  ☐    have not been served *(specify names and explain why not):*

        (2)  ☐    have been served but have not appeared and have not been dismissed *(specify names):*

        (3)  ☐    have had a default entered against them *(specify names):*

    c.  ☐    The following additional parties may be added *(specify names, nature of involvement in case, and date by which
        they may be served):*

4.  **Description of case**
    a.   Type of case in  ☒   complaint    ☐   cross-complaint      *(Describe, including causes of action):*
        Personal injury action in which Plaintiff asserts claims for (1) General Negligence and (2) Premises Liability.

---

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011] | **CASE MANAGEMENT STATEMENT** | Page 1 of 5<br>Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courts.ca.gov



American LegalNet, Inc.<br>www.FormsWorkFlow.com

CM-110

| PLAINTIFF/PETITIONER: PETER HALL | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: LSG SKY CHEFS | 113CV239965 |

4.   b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
Personal injury action stemming from accident that occurred on July 23, 2012 at 1355 Airport Blvd., San Jose, CA. Plaintiff claims he was off-loading trays on a loading dock owned and/or managed by Sky Chefs and that the dock plate was not properly belted down.  Plaintiff claims that as he moved the trays, the dock plate shifted and that he fell down about five feet and sustained injuries.

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
The party or parties request    ☒ a jury trial.    ☐ a nonjury trial.    *(If more than one party, provide the name of each party requesting a jury trial):* Sky Chefs has requested a jury trial.

6.   **Trial date**
a.   ☐   The trial has been set for *(date):*
b.   ☒   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*
c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
Oct. 16, 2013 (FSC); Oct. 28, 2013 (3 week trial); Dec. 2-23, 2013 (3 week trial); Dec. 24-31, 2013 (vacation).

7.   **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.   ☒   days *(specify number):* 3-5 days
b.   ☐   hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☒ by the attorney or party listed in the caption    ☐ by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:                                                  f.   Fax number:
e.   E-mail address:                                                      g.   Party represented:
☐   Additional representation is described in Attachment 8.

9.   **Preference**
☐   This case is entitled to preference *(specify code section):*

10.   **Alternative dispute resolution (ADR)**
a.   **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
(1)   For parties represented by counsel: Counsel ☒ has    ☐ has not    provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
(2)   For self-represented parties: Party ☐ has    ☐ has not reviewed the ADR information package identified in rule 3.221.
b.   **Referral to judicial arbitration or civil action mediation** *(if available).*
(1)   ☐   This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
(2)   ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
(3)   ☐   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

American LegalNet, Inc.
www.FormsWorkFlow.com

CM-110

| PLAINTIFF/PETITIONER: PETER HALL | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: LSG SKY CHEFS | 113CV239965 |

10.  c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in (check all that apply and provide the specified information):

|  | The party or parties completing this form are **willing** to participate in the following ADR processes (check all that apply): | If the party or parties completing this form in the case have **agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes (attach a copy of the parties' ADR stipulation): |
|---|---|---|
| (1) Mediation | ☒ | ☒ Mediation session not yet scheduled<br>☐ Mediation session scheduled for (date):<br>☐ Agreed to complete mediation by (date):<br>☐ Mediation completed on (date): Sky Chefs is willing to participate in Mediation at the appropriate time once it has been able to complete its initial discovery and has a better understanding of this case and Plaintiff's claimed damages. |
| (2) Settlement conference | ☒ | ☒ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for (date):<br>☐ Agreed to complete settlement conference by (date):<br>☐ Settlement conference completed on (date): Sky Chefs is willing to participate in a Settlement Conference at the appropriate time once it has been able to complete its initial discovery and has a better understanding of this case and Plaintiff's claimed damages. |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for (date):<br>☐ Agreed to complete neutral evaluation by (date):<br>☐ Neutral evaluation completed on (date): |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for (date):<br>☐ Agreed to complete judicial arbitration by (date):<br>☐ Judicial arbitration completed on (date): |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for (date):<br>☐ Agreed to complete private arbitration by (date):<br>☐ Private arbitration completed on (date): |
| (6) Other (specify): | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for (date):<br>☐ Agreed to complete ADR session by (date):<br>☐ ADR completed on (date): |

**CASE MANAGEMENT STATEMENT**

American LegalNet, Inc.<br>www.FormsWorkFlow.com

CM-110

| PLAINTIFF/PETITIONER: PETER HALL | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: LSG SKY CHEFS | 113CV239965 |

**11. Insurance**
   a. ☐ Insurance carrier, if any, for party filing this statement (name): Allianz Global Corporate & Specialty AG
   b. Reservation of rights: ☐ Yes  ☒ No
   c. ☐ Coverage issues will significantly affect resolution of this case (explain):

**12. Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
   ☐ Bankruptcy  ☐ Other (specify):
   Status:

**13. Related cases, consolidation, and coordination**
   a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      ☐ Additional cases are described in Attachment 13a.
   b. ☐ A motion to  ☐ consolidate  ☐ coordinate  will be filed by (name party):

**14. Bifurcation**
   ☒ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action (specify moving party, type of motion, and reasons):
   To be determined.

**15. Other motions**
   ☒ The party or parties expect to file the following motions before trial (specify moving party, type of motion, and issues):
   Potential discovery motions and potential other motions to be determined.

**16. Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☒ The following discovery will be completed by the date specified (describe all anticipated discovery):

| Party | Description | Date |
|---|---|---|
| Sky Chefs | Written Discovery and possible Supp'l Discovery | 90-120 days |
| Sky Chefs | Percipient Depositions and Deposition of Plaintiff | 90-120 days |
| Sky Chefs | Document Subpoenas | 90-120 days |
| Sky Chefs | Potential IMEs and Site Inspection | 90-120 days |
| Sky Chefs | Expert Discovery | 120-180 days |

   c. ☒ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated (specify):
      Unknown at this time.

CM-110 [Rev. July 1, 2011]       **CASE MANAGEMENT STATEMENT**

American LegalNet, Inc.
www.FormsWorkFlow.com

CM-110

| PLAINTIFF/PETITIONER: PETER HALL | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: LSG SKY CHEFS | 113CV239965 |

**17. Economic litigation**

   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

   a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):* The parties are open to participating in potential informal resolution procedures, but agree that each needs to conduct initial discovery in this matter.  The parties also agree that approximately 90-180 days is needed to complete discovery (expert and non-expert) and that trial should be set for approximatley February of 2014.

**20. Total number of pages attached** *(if any):* _____0_____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: May 30, 2013

| Mitchell J. Popham / Kelly S. Biggins | ▶ _(signature)_ |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

| | ▶ |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**

American LegalNet, Inc.
www.FormsWorkFlow.com

STATE OF CALIFORNIA                    )                    PROOF OF SERVICE
COUNTY OF LOS ANGELES                  )  ss.

     I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is: 300 South Grand Avenue, Suite 2600, Los Angeles, CA  90071.  On May 30, 2013, I served the foregoing document described as:

### DEFENDANT LSG SKY CHEFS' CASE MANAGEMENT STATEMENT

on the parties or attorneys for parties in this action who are identified on the attached service list, using the following means of service.  (If more than one means of service is checked, the means of service used for each party is indicated on the attached service list).

☐   **BY PERSONAL SERVICE.** I placed ___ the original or ___ a true copy of the foregoing document in sealed envelopes individually addressed to each of the parties on the attached service list, and caused such envelope to be delivered by hand to the offices of each addressee.

☐   **BY FACSIMILE TRANSMISSION.** I caused ___ the original or ___ a true copy of the foregoing document to be transmitted to each of the parties on the attached service list at the facsimile machine telephone number as last given by that person on any document which he or she has filed in this action and served upon this office.

☑   **BY MAIL.** I placed ___ the original or __✓__ a true copy of the foregoing document in a sealed enveloped individually addressed to each of the parties on the attached service list, and caused each such envelope to be deposited in the mail at  300 South Grand Avenue, Suite 2600, Los Angeles, CA  90071.  Each envelope was mailed with postage thereon fully prepaid. I am readily familiar with this firm's practice of collection and processing of correspondence for mailing.  Under that practice, mail is deposited with the United States Postal Service the same day that it is collected in the ordinary course of business.

☐   **BY E-MAIL.** I caused the foregoing document(s) to be transmitted by e-mail electronic transmission to the e-mail address on the attached service list as last given by that person on any document which he or she has filed in this action and served upon this office.

☐   **BY EXPRESS MAIL.** I placed ___ the original or ___ a true copy of the foregoing document in a sealed enveloped individually addressed to each of the parties on the attached service list, and caused each such envelope to be deposited in the mail at  300 South Grand Avenue, Suite 2600, Los Angeles, CA  90071. Each envelope was mailed with Express Mail postage thereon fully prepaid.  I am readily familiar with this firm's practice of collection and processing of correspondence for mailing.  Under that practice, mail is deposited with the United States Postal Service the same day that it is collected in the ordinary course of business.

☐   **BY FEDERAL EXPRESS.** I placed ___ the original or ___ a true copy of the foregoing document in a sealed enveloped or package designated by Federal Express with delivery fees paid or provided for, individually addressed to each of the parties on the attached service list, and caused such envelope or package to be delivered at 300 South Grand Avenue, Suite 2600, Los Angeles, CA  90071, to an authorized courier or driver authorized by Federal Express to receive documents.

☑   **(State)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐   **(Federal)** I declare that I am employed in the office of a member of the bar of this court, at whose direction the service was made.

Executed on May 30, 2013, at Los Angeles, California.

_____
Griselda Mayorga

SERVICE LIST

*Peter Hall v. LSG Sky Chefs*

Superior Court of California County of Santa Clara

Case No.: 113CV239965

| David R. Shane, Esq.<br>SHANE & TAITZ<br>1000 Drakes Landing Road, Suite 200<br>Greenbrae, California 94904<br>Telephone: (415) 464-2020<br>Facsimile: (425) 464-2024<br>Email: dshane@shanetaitz.com | *Attorney for:* **PLAINTIFF PETER HALL** |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
191 N. First Street
San Jose, CA  95113-1090

Received By
LLB&L

JUN 21 2013

Received By_____ On_____
File No._____

TO:   Mitchell J. Popham
      Locke Lord LLP
      300 South Grand Avenue   Suite 2600
      Los Angeles,  CA 90071

RE:  P. Hall vs LSG Sky Chefs
Case Nbr:  1-13-CV-239965

NOTICE OF MEDIATION STATUS CONFERENCE

The above entitled case has been referred to mediation per the parties'
stipulation.

Within 20 days of the stipulation to mediation, the parties shall agree on a
mediator and a mediation date.  Within the same 20-day period, plaintiff's
counsel shall either complete and submit to the ADR Administrator the
ADR Stipulation and Order form (Local Civil Rule 2(b)(2)), available on the
Court's web site at www.sccsuperiorcourt.org/civil/attachments/cv-5008.pdf,
or shall submit the same information by letter.

The parties may use the court referral service by contacting the ADR
Administrator at (408) 882-2530 or by accessing the Court web site at
www.sccsuperiorcourt.org/civil/ADR.  Parties may also make their own
arrangements for a mediator, but must submit the name of the mediator and
date of mediation within 20 days in any event.

The Mediation Status Conference for the above entitled case is:
ON: 08/01/13  AT: 1030AM  IN: Dept 20
Superior Court, 191 N. 1st Street, San Jose, CA 95113

COPIES TO:

CC: David R. Shane , Shane & Taitz LLP
       1000 Drakes Landing Road, Suite 200, Greenbrae, CA 94904

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with
Disabilities Act, please contact the Court Administrator's Office at (408)882-2700, or use the Court's TDD line, (408)882-2690 or
the Voice/TDD California Relay Service, (800)735-2922.

DECLARATION OF SERVICE BY MAIL: I declare that I served this notice by enclosing a true copy in a sealed envelope, addressed to each
person whose name is shown above, and by depositing the envelope with postage fully prepaid, in the United States Mail at
San Jose, CA on 6-19-13.  DAVID H. YAMASAKI, Chief Executive Officer/Clerk by Emily Lan Ha-Mach, Deputy